**James HELMES, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Supreme Court of Kentucky.

Oct. 28, 1977.

Jack E. Farley, Public Defender, Mark Alan Posnansky, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., John W. Stewart, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

The appellant, James Helmes, was indicted by the Kenton County Grand Jury on December 19, 1975, for the shotgun murder of Melvin Sledge. KRS 507.020(1)(a). A three-day trial resulted in his conviction, and he was sentenced to serve 25 years in prison. Appellant was represented by retained counsel; however, on this appeal he is represented by the Office of the Public Defender.

The appellant argues that his conviction of murder denied him his right to due process under the Fourteenth Amendment to the Constitution of the United States since the Commonwealth failed to prove his sanity beyond a reasonable doubt. He contends that he "is not appealing on the facts of this case." A thumbnail sketch of the facts, however, will be helpful in making a determination of the issue.

Appellant and three other men had been together for several hours, drinking beer and whiskey and riding around in an automobile. At about noon, or in the early afternoon on October 10, 1975, on the corner of 11th and Greenup Streets, in Covington, Kentucky, appellant and the murder victim, Melvin Sledge, got into a fist fight. Appellant was severely beaten and stomped. He left the scene of the fight, but returned shortly thereafter with a loaded shotgun. The other three men had disbanded; however, appellant located his victim nearby inside Joe's Meat Market, where he was a part-time employee. Woodson Burton, Jr., owner of the meat market, sought to ameliorate appellant's conduct, but was promptly rebuffed by him. Appellant, from a distance of about 12 feet, then shot Sledge in the chest, causing his death. The appellant was forcibly disarmed and restrained until the police arrived.

On August 2, 1976, 22 days prior to his trial, appellant filed a notice of his intention to rely on the defense of mental disease or defect. KRS 504.050. Appellant contended that as a result of the severe beating he received, he was:

"(a) unconscious of his act; or

(b) his mind was so impaired and unsound that he did not have sufficient reason to know what he was doing; or

(c) that he did not know right from wrong."

The following day, August 3, the trial judge ordered that appellant be taken to the Comprehensive Care Center, in Covington, for an examination and report, which was done.

At the trial Dr. Werner W. Anderson, who made the examination, testified that appellant suffered from a borderline character disorder, a dysfunction resulting in loss of sense of judgment or reality when subjected to stress and that at the time of the shooting it was no longer a question of right or wrong to the appellant. It was Dr. Anderson's conclusion that at the time of the act appellant lacked the capacity to conform his conduct to the law. Dr. Robert W. Noelker, a clinical psychologist, corroborated the testimony of Dr. Anderson. It is urged that the testimony of Dr. Anderson and Dr. Noelker establishes that appellant was insane when measured by the standards delineated in *Terry v. Commonwealth*, Ky., 371 S.W.2d 862 (1963), and KRS 504.020(1) and (2).

Lay witnesses who had known appellant for many years testified that appellant, at the time of the shooting and immediately prior thereto, did not appear to be upset, excited or abnormal in his conversation, other than that he carried a loaded shotgun. They testified that appellant was calm, that he talked coherently, spoke in a low tone of voice, didn't raise his voice or scream, and that he walked in his normal walk. Appellant contends that the Commonwealth attempted to prove his sanity only by the introduction of incompetent testimony of non-expert witnesses.

■ We need not reach the question of the character of the evidence as no objection was made at any time to any of the complained-of testimony. In *Brown v. Commonwealth*, Ky., 551 S.W.2d 557, 559 (1977), this court wrote:

"The victim of the crime knew the appellant and had identified him positively and convincingly. It is doubtful that Tandra's evidence added anything, but even assuming that it did, and assuming for purposes of the argument that it should have been excluded, there can be no reversible error here for the simple reason that there was no objection to it in any form at any time during the trial proceeding."

■ Further, appellant argues that by reason of the insufficiency of the proof, a directed verdict of "not guilty" by reason of insanity was in order. This contention is raised in this court for the first time. At the conclusion of the evidence for the Commonwealth, no motion was made for an instruction directing a verdict of acquittal. At the conclusion of all of the evidence for both the Commonwealth and the appellant, no motion was made for an instruction directing a verdict of acquittal. The question of sufficiency of evidence was not raised in a motion and grounds for a new trial. As a matter of fact, no motion for a new trial was filed. The issue was not presented to the lower court for its consideration; therefore, it was not preserved for appellate review. RCr 9.54.

Counsel for appellant goes to great lengths in an effort to challenge KRS 500.070 and 504.020 and the line of Kentucky cases holding that the burden of proving insanity is on the accused. This identical question was presented to and answered by this court contrary to appellant's contention in *McDonald v. Commonwealth*, Ky., 554 S.W.2d 84 (1977).

The judgment is affirmed.

All concur.